Rollins, S.
—The provision of this testator’s will whereby the share in his estate given to his daughter Maria is limited over in the event of her death, “leaving no descendants surviving,” is not repugnant to the previous gift to Maria, although that is, in its terms, absolute. She simply took a defeasable vested interest in the subject of the bequest for her benefit. Norris v. Beyea, 13 N. Y., 273; Tyson v. Blake, 22 N. Y., 558; Hatfield v. Sneden’ 54 N. Y., 280; Matter of N. Y., Lack. & West. R. R., 105 N. Y., 89; 6 N. Y. State Rep., 851.
The provision by which her share is given over, in the contingency above mentioned, is to be considered, for the purpose of ascertaining the intention of the testator, in connection with the direction of the tenth clause of his will. By that clause he provided as follows:
“In case of the death of any person entitled to share in my estate, under and by the provisions of this, my will, the lawful heirs of such person shall take the share which such person would have taken if living, subject to the provisions of this my will, except as herein otherwise provided.”
There is nowhere in the will any provision which can be treated as excepting the provisions of its eighth clause from the operation of the clause just quoted. The eighth clause is as follows:
“ I do hereby give, devise and bequeath the other of my said sixth parts unto my daughter Maria, wife of David J. Haring, to her own use forever, * * * * * upon these conditons, * * * * * the said Maria shall die, leaving no descendants surviving, then, and in that case, it is my will, and I do hereby in that case give, devise and bequeath the said sixth part, upon the decease of my daughter Maria, as follows: one equal fifth part of said sixth each, unto my said children, Garret C. Ackerman, Elizabeth Priscilla Haring, Henry B. Ackerman, and John C. Ackerman, and the other fifth of said sixth, unto the children of my said son, Cornelius G. Ackerman.”
Of the five children of the testator, whose names are above stated, Elizabeth alone is now living. When Maria died, in 1887, Elizabeth became entitled to one-fifth of that share of her father’s estate which Maria had enjoyed in her life-time. The four children of the testator’s son Cornelius, all of whom survived their Aunt Maria, became entitled to another one-fiftli at her death. The testator’s son Garret died in 1883, his son Henry in 1879 and his son John in *709 1875. Garret left, as his surviving next of kin and heirs-at-law, six children and one grandchild, daughter of his deceased daughter Priscilla. These seven persons, with a single exception, survived Maria Haring. Garret’s son Cornelius died in 1884, leaving two children, who are" stilalive. The share which the testator’s son Garret would have taken in the event' of his surviving his sister Maria goes under the testator’s will to such of his children and grandchildren as survived Maria per stirpes and not per capita. Hulse v. Reevs, 3 Dem., 486-492; Delaney v. McCormack, 88 N. Y., 174-182.
The shares which the testator’s sons Henry and John would have taken had they respectively survived Maria Haring, similarly passed, at Maria’s death, to their respective children and grandchildren who survived Maria per stirpes and not per capita.
The annexed table of descents and of dates of death which, I understand, is conceded to be accurate, will serve to indicate in detail the terms of the decree of distribution.
It follows from the foregoing decision that the executors of Henry B. Ackerman have no title to the share of Cornelius J. Ackerman, son of John C. Ackerman, by reason of the sheriff’s sale of Cornelius J. Ackerman’s interest to Henry B. Ackerman, under execution on a judgment recovered by Henry against Cornelius. At the time of the commencement of the action, which terminated in that judgment, the latter had no attachable interest in this testator’s estate. Cornelius J. Ackerman’s share has passed by assignment to Archibald C. Ackerman, and the decree may recognize the validity of such assignment and direct distribution accordingly.